```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
```

JOSEPH O. FRIEND                :
                                :
v.                              :   Civil No. WMN-05-2975
                                :
BOARD OF COUNTY COMMISSIONERS   :
   OF GARRETT COUNTY

### MEMORANDUM

Before the Court is a motion to dismiss, or in the alternative, for summary judgment. Paper No. 3. The motion is ripe for decision. Upon a review of the pleadings and the applicable case law, the Court determines that no hearing is necessary and that the motion will be granted.

This action arises out of an injury allegedly sustained by Plaintiff on July 14, 2004, while he was moving a floating dock. According to the Complaint, at the time of the injury, Plaintiff was a participant in a community service program and was under the supervision of Kenneth Gotsch, a member of the Oakland, Maryland Town Council. Compl. ¶ 6. Plaintiff's community service obligation was imposed upon him by the Garrett County District Court and was being performed by him as an alternative to incarceration. See Pl.'s Aff. ¶ 4.

Plaintiff alleges that his injury occurred while he was removing an outboard motor from a john boat. Gotsch was supposed to be steadying the boat but failed to do so, causing it to capsize and fill with water and gasoline from the boat's gastank. While Plaintiff, at Gotsch's direction, was lifting the boat in an attempt to drain it, he "seriously, permanently and painfully

injured his back."  Compl. ¶ 9.  The Complaint includes a single count which asserts a claim of negligence.  Alleging that Gotsch was acting as the "(sub)agent" of Defendant "Garrett County Government" when this incident occurred, the Complaint names "Garrett County Government" as the sole defendant.

Defendant has moved for dismissal of the complaint, or in the alternative, for summary judgment on the grounds that (1) Plaintiff named the wrong entity as the defendant; (2) the claim is barred under the doctrine of government immunity; and (3) the claim has been waived pursuant to the release signed by Plaintiff when he entered the community service program.

It is undisputed that Plaintiff has improperly named the defendant.  The correct entity to be sued would be the "Board of County Commissioners of Garrett County."  This deficiency, of course, could be corrected by simple amendment.  The Court concludes that amendment would be futile, however, for the reasons that follow.

Under long established Maryland precedent, counties and municipalities are immune from tort liability for damages arising from actions categorized as "governmental," but not from those deemed "proprietary."  <u>Maryland-National Capital Park & Planning Comm'n. v. Kranz</u>, 521 A.2d 729, 731 (Md. 1987).  "[T]here is no universally accepted or all-inclusive test to determine whether a given act of a municipality is private or governmental in its nature, but the question is usually determined by the public policy recognized in the jurisdiction where it arises. . . .

Where the act in question is sanctioned by legislative authority, is solely for the public benefit, with no profit or emolument inuring to the municipality, and tends to benefit the public health and promote the welfare of the whole public, and has in it no element of private interest, it is governmental in its nature."  Baltimore v. State, 195 A. 571, 576 (1937).

While Maryland courts have noted the difficulty that often attends the application of this test,[1] in this instance, the result is readily discernable.  Were the Court to focus on the penal aspect of the community service program, i.e., as an alternative sentence for a criminal conviction, it is plainly governmental.  See Thomas v. State, 384 A.2d 772, 778 (Md. App. 1978) ("One of the primary functions of government is the preservation of societal order through enforcement of the criminal law, and the maintenance of penal institutions is an essential part of that task.").  Were the Court to focus instead on the work that is performed by the participants in the program, that work is by definition, "community service."  The particular task to which Plaintiff was assigned, the clean-up and maintenance of a public park, is clearly for the public benefit.[2]

---

[1] See Tadjer v. Montgomery County, 479 A.2d 1321, 1324 (Md. 1984) (citing previous Maryland Court of Appeals decisions that acknowledged that "the distinction between governmental and proprietary functions is sometimes illusory in practice").

[2] In the Complaint, Plaintiff alleges that he was participating in a community service project and gives no hint that his participation involved tasks outside the proper scope of that project.  In an affidavit submitted with his opposition, however, Plaintiff now asserts that, at the time he was injured,

To penetrate the County's immunity, Plaintiff attempts to rely on a portion of the Maryland statute that sets out the potential liabilities of providers and participants in community service programs, Md. Code Ann., Cts. & Jud. Proc. § 5-805. Plaintiff declares that "§ 5-805(d) specifically states that "'[a] public provider and its agents <u>shall be liable</u> for the negligent acts or omissions of the public provider and its agents.'"  Opp'n 1 (quoting Md. Code. Ann., Cts. & Jud. Proc. § 5-805(d), emphasis added by Plaintiff).  The full text of that subsection, however, provides,

> [a] public provider and its agents shall be liable for the negligent acts or omissions of the public provider and its agents in providing projects or services to, or performing duties for or on behalf of, a community service program <u>to the extent permitted by</u> the provisions of the Maryland Tort Claims Act or <u>the Local Government Tort Claims Act</u>.

(emphasis added by Court).  Furthermore, the following subsection provides that "[t]his section does not affect and may not be construed as affecting . . . [a]ny immunities from civil liability or any defense established by any other provision of the Code or at common law."  § 5-805(e).

As explained above, the County would be immune from liability for injuries resulting from this type of governmental

---

he was moving a dock belonging to the town of Oakland to the private residence of one of Gotsch's friends so that Gotsch and Gotsch's friend could use the dock for their own personal benefit.  Pl.'s Aff. ¶¶ 2, 3.  The potential implications of this <u>ultra vires</u> assignment will be discussed below.

function. Furthermore, the Local Government Tort Claims Act (LGTCA), referenced in § 5-805(d), does not act as a waiver of that immunity. The LGTCA states in pertinent part:

> (1) . . . a local government shall be liable <u>for any judgment against its employee</u> for damages resulting from tortious acts or omissions committed by the employee within the scope of employment with the local government.
>
> (2) A local government may not assert governmental or sovereign immunity to avoid the duty to defend or indemnify an employee established in this subsection.

Md. Code Ann., Cts. & Jud. Proc. § 5-303(b) (emphasis added). Thus, the statute requires the government to assume financial responsibility for a judgment against its employee whose tortious conduct was committed within the scope of employment.

Significantly, however, the case law has established that although a county or the local government may ultimately be responsible for such a judgment for damages, the county itself should not technically be named as a defendant. <u>See</u> <u>Dawson v. Prince George's County</u>, 896 F.Supp. 537 (D. Md. 1995); <u>Khawaja v. City of Rockville</u>, 89 Md. App. 314, 598 A.2d 489 (1991). The LGTCA, according to <u>Khawaja</u>, "does not create liability on the part of the local government <u>as a party to the suit</u>." 89 Md. App. at 326 (emphasis added); <u>id.</u> at 325 ("The LGTCA, by its own terms, contains no specific waiver of governmental immunity when a governmental entity is sued <u>in its own capacity</u>") (emphasis added). <u>See also</u> <u>Dawson</u>, 896 F.Supp. at 539 ("while the County

is financially responsible for a judgment against its employees, the Act does not create liability on the part of the County").

Because there is no valid waiver of the immunity afforded Garrett County from liability for injuries incurred under the circumstances presented here, the Court will dismiss the claims against it.  The question then becomes whether this Complaint can be amended to substitute Gotsch as a Defendant.  The answer to that question turns, in part, on the validity of the release signed by Plaintiff when he entered the community service program.

On May 11, 2004, Plaintiff signed an "ALTERNATIVE SENTENCING PROGRAM, Terms and Conditions Agreement" that contained the following provisions:

> **WAIVER AND RELEASE** - In consideration of the permission granted to me to participate in a work service program in lieu of other sentencing, I hereby for myself and my heirs, administrators, release and discharge the Alternative Sentencing Program, the Board of County Commissioners, and any private charitable and governmental agencies or non-profits institutions participating, its employees and agents from all claims, demands, and actions for injury sustained to my person and/or property during my participating in volunteer community service. . . .  I certify that my attendance and participation in this program is wholly voluntary . . . .
>
> I HAVE READ, OR HAVE HAD READ TO ME, AND UNDERSTAND, THE FOREGOING TERMS, CONDITIONS, WAIVER AND RELEASE . . . .

Def.'s Ex. 1 (emphasis added).

Plaintiff raises four tenuous arguments as to why this clear

6

and unequivocal waiver is invalid.  Three relate to technical incongruities.  First, Plaintiff argues that § 8-710 of the Correctional Services Title of the Maryland Code requires that the participating agency "accept the assignment of the worker on the terms and conditions imposed by the court."  Md. Code. Ann., Corr. Servs. § 8-710(a)(2).  Because the court order committing Plaintiff to community service did not contain a term or condition relating to a release of liability, Plaintiff argues the term was not part of his agreement.  Second, Plaintiff argues that the release is invalid based upon Garrett County's alleged failure to file with the county clerk of court certain reports concerning its community service.[3]  Third, Plaintiff contends he was assigned to a "community service program," and not an "alternative sentencing program" as referenced in the agreement containing the release.

The Court finds that these alleged incongruities, to the extent they are actual incongruities, do not invalidate the waiver.  Plaintiff voluntarily entered into an agreement whereby he avoided a term of imprisonment in exchange for his performance

---

[3] Plaintiff cites Md. Code Ann., Corr. Servs. § 8-705(b)(1), which provides that participating agencies shall provide in writing to the clerk of court "any information useful for assigning [] a defendant to an appropriate work project, including:
    (i) a description of the work project;
    (ii) the days of the week and the hours of each day that each work project is to be performed;
    (iii) special skills or physical requirements to perform the work project; and
    (iv) for a work project of limited duration, the date when the availability of the project expires."

of community service.  Plaintiff accepted the benefit of that agreement and cannot now invalidate it based upon alleged technical deficiencies that were clearly not material to the agreement.

Plaintiff's last argument for invalidity relates to his claim that at the time he was injured he was not performing "community service," but was instead unlawfully required to perform tasks that benefitted only Gotsch and Gotsch's friend. See supra n.2.  If true, this allegation might take Plaintiff's injury outside of the scope of the release.  If true, however, it might also eliminate any duty on the part of Garrett County to indemnify Gotsch, as Gotsch might no longer be considered as acting within the scope of his employment.

Regardless of whatever claims Plaintiff might potentially be able to bring against Gotsch, what the Court has before it is a Complaint asserting a negligence claim against Garrett County for injuries allegedly sustained by Plaintiff while a participant in Garrett County's Community Service Program.  For the reasons stated above, that claim must be dismissed.  A separate order consistent with this memorandum will issue.

                                                      /s/
                                      _____
                                      William M. Nickerson
                                      Senior United States District Judge

Dated: March 22, 2006