```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MARYLAND
```

JOSEPH O. FRIEND                :
                                :
v.                              :   Civil No. WMN-05-2975
                                :
BOARD OF COUNTY COMMISSIONERS   :
   OF GARRETT COUNTY

### MEMORANDUM

Plaintiff brought this action against the "Garrett County Government" [the County][1] for injuries he allegedly sustained while moving a floating dock.  In the Complaint, Plaintiff alleged that, at the time of his injury, he was performing a community service obligation as an alternative to incarceration. He further alleged that he was injured due to the negligence of his community service supervisor, Kenneth Gotsch.  On March 22, 2006, this Court dismissed the action against the County.  The Court held that, while the County might be required to assume financial responsibility for a judgment against a County employee in certain circumstances, the County enjoyed immunity from any direct suit arising from Plaintiff's injury.  The Court also opined that, should Plaintiff move to amend his complaint to name Gotsch as the defendant, his claim would probably be precluded by the waiver and release of liability he voluntarily signed upon his entry into the community service program.

---

[1] It is now agreed that the correct name for this entity is the "Board of County Commissioners of Garrett County."

In opposing the County's motion to dismiss and as a means to navigate around his signed release, Plaintiff argued in his opposition that he was not actually performing "community service" at the time of his injury, but instead, was performing a task solely for the personal benefit of Gotsch.  In its previous ruling, the Court opined that, if true, this allegation might bring Plaintiff's claim outside the scope of the release.  The Court also opined, however, that if that allegation were asserted in an amended complaint, it might also eliminate any duty on the part of the County to indemnify Gotsch as the County's duty to indemnify only applies to injuries caused by tortious conduct within the scope of the County employee's employment.

Plaintiff has now filed a "Motion to Vacate the Court's Dismissal."  Paper No. 7.  In that motion, Plaintiff does not contest that the County is not a proper defendant in this action. He also states that he "has no problem substituting defendant Kenneth Gotsch as a defendant."  Mem. 1.  He argues further, however, that even though the task he was performing at the time of his injury was for Gotsch's personnel benefit and not true community service, Gotsch was cloaked with "the color of authority" when ordering Plaintiff to perform the task.

It is not clear what Plaintiff intends his "color of authority" argument to establish.  Were the Court to accept that Gotsch was the apparent agent of the County at the time of the injury, Plaintiff does not explain how that vitiates his waiver

and release.  The single case cited by Plaintiff, <u>Yohay v. City of Alexandria Employees Credit Union, Inc.</u>, 827 F.2d 967 (4th Cir. 1987), stands for the unremarkable proposition that a principle can be liable for the acts of an agent who had apparent authority to act, regardless of whether the principal either benefitted from the acts of the agent or ratified those acts, if either plaintiff or a third party relied upon the principal's representations which created apparent authority.  Neither the <u>Yohay</u> case, nor Plaintiff's argument, goes to the validity of the waiver and release.

Plaintiff also posits that his allegations support other viable claims against the County, beyond negligence, including a claim for violation of the Thirteenth Amendment's prohibition of "involuntary servitude."  Plaintiff's agreement to work, however, was not involuntary.  He volunteered to perform community service in order to avoid a term of incarceration.  Furthermore, Courts have held that the Thirteenth Amendment has no application where a person is held to answer for a violation of a penal statute. <u>Blass v. Weigel</u>, 85 F. Supp. 775, 781 (D.N.J. 1949).

Nothing in Plaintiff's instant motion convinces the Court that Plaintiff can state a cause of action against the County.  Thus, the Court will deny Plaintiff's instant motion to the extent it seeks to vacate the dismissal of the claims against the County.  Plaintiff's motion, however, also asks that the Court alter its prior judgment to allow him leave to amend.  In its previous order, the Court did not expressly extend the invitation

to Plaintiff to amend his complaint, as Plaintiff did not appear interested in bringing a claim against Gotsch.[2]  In opposing the motion to dismiss, he only asked for leave to amend in order to correct the misnomer of the County.  Opp. 3.  It is still not clear that Plaintiff desires to amend <u>to bring a claim against Gotsch</u>.  While he begins his motion to vacate with the declaration that he "has no problem" substituting Gotsch as the defendant, the entire pleading is devoted to arguing potential claims against the County.  Nonetheless, to the extent that Plaintiff seeks to amend his complaint to state a cause of action <u>against Gotsch</u>, he will be permitted to do so.

   A separate order consistent with this memorandum will issue.

/s/
_____
William M. Nickerson
Senior United States District Judge

Dated: May 19, 2006

---

[2] Plaintiff probably did not need leave of the Court to amend his complaint.  Under Rule 15(a) of the Federal Rules of Civil Procedure, a complaint may be amended without leave of the court when the defendant has not filed a responsive pleading.  A motion to dismiss is not a responsive pleading for the purposes of Rule 15(a).  <u>Domino Sugar Corp. v. Sugar Workers Local Union 392 of United Food and Commercial Workers Intern. Union</u>, 10 F.3d 1064, 1068 (4th Cir. 1993).